THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RED ROCK HEALTHCARE, INC. dba ZION'S WAY HOME HEALTH AND HOSPICE,<br><br>Plaintiff,<br><br>v.<br><br>TREVOR D. ROWLAND; RED MESA HOME CARE, LLC dba RED MESA HOME HEALTH; AUTUMN ROWLAND; JEFFREY MATHER; TRAVIS ROSE; ANGAK INVESTMENT, LLC; and TSR INVESTMENTS, LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER OF DISMISSAL WITHOUT PREJUDICE**<br><br>Case No. 4:21-cv-00064-RJS-PK<br><br>Chief District Judge Robert J. Shelby<br>Magistrate Judge Paul Kohler |

Plaintiff's Second Amended Complaint removed the sole federal cause of action that formed the basis for subject matter jurisdiction over this case.[1] Therefore, Plaintiff was ordered to show cause as to why the case should not be dismissed for lack of subject matter jurisdiction.[2] Plaintiff responded, conceding that it "is not able to articulate 'compelling reasons' for the Court to exercise jurisdiction" over the remaining claims in the case.[3]

---

[1] *Compare* Second Amended Complaint, docket no. 63, filed Aug. 23, 2022, *with* Complaint, docket no. 2, filed June 11, 2021.

[2] Order to Show Cause Re: Subject Matter Jurisdiction, docket no. 64, filed Aug. 24, 2022. Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party, and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction at any stage in the litigation." *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotations and citation omitted). And because the federal courts are courts of limited jurisdiction, there is a presumption against jurisdiction. *Marcus v. Kansas Dep't of Revenue,* 170 F.3d 1305, 1309 (10th Cir. 1999). The party invoking federal jurisdiction has the burden of establishing subject matter jurisdiction. *Id*

[3] Response to Order to Show Cause RE: Subject Matter Jurisdiction ("Response") at 2, docket no. 65, filed Aug. 25, 2022.

Plaintiff's Second Amended Complaint asserts only state law causes of action against Defendants.[4] Federal question jurisdiction under 28 U.S.C. § 1331 is lacking, and complete diversity among the parties is lacking for jurisdiction under 28 U.S.C. § 1332. The only possible basis for subject matter jurisdiction over the claims within Plaintiff's Second Amended Complaint is supplemental jurisdiction under 28 U.S.C.§ 1367.[5]

Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[6] However, "supplemental jurisdiction is not a matter of the litigants' right, but of judicial discretion."[7] And "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."[8]

In exercising this discretion, Tenth Circuit precedent instructs that "[i]f federal claims are dismissed before trial, leaving only issues of state law, the [district] court should decline the exercise of jurisdiction by dismissing the case without prejudice."[9] "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."[10]

---

[4] Second Amended Complaint ¶¶ 89-224 at 26-50.

[5] Absent diversity of citizenship, "[d]istrict courts do not otherwise have jurisdiction to hear pendent state law claims but for their intertwinement with claims over which they have original jurisdiction." *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004).

[6] 28 U.S.C. § 1367(a).

[7] *Estate of Harshman*, 379 F.3d at 1165.

[8] 28 U.S.C. § 1367(c)(3).

[9] *Bauchman for Bauchman v. West High School*, 132 F.3d 542, 549 (10th Cir. 1997) (internal quotations omitted).

[10] *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) (internal quotations omitted).

There are no obvious reasons for the continued exercise of supplemental jurisdiction over the claims in Plaintiff's Second Amended Complaint. And Plaintiff is unable to articulate compelling reasons for the continued exercise of supplemental jurisdiction.[11] Therefore, the circumstances warrant declining supplemental jurisdiction over the claims in Plaintiff's Second Amended Complaint. Plaintiff's Second Amended Complaint must be dismissed without prejudice for lack of subject matter jurisdiction.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Second Amended Complaint[12] and this action are DISMISSED without prejudice for lack of subject matter jurisdiction.

The Clerk is directed to close the case.

Signed this 30th day of August, 2022.

BY THE COURT:

_____
Robert J. Shelby
United States Chief District Judge

---

[11] Response at 2.

[12] Docket no. 63, filed Aug. 23, 2022.